UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| NORWOOD OPERATING COMPANY, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-229-LJM-WTL |
| | ) | |
| KUSTOMKOOZIES, LLC, | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE**

This matter is before the Court on a Motion to Dismiss or Transfer Venue brought by defendant, KustomKoozies, LLC ("Kustom"), on the claims of plaintiff, Norwood Operating Company, LLC, doing business as Norwood Promotional Products ("Norwood"). Kustom argues that this Court lacks personal jurisdiction and therefore this case must be dismissed under Federal Rule of Civil Procedure 12(b)(2). In the alternative, Kustom requests a transfer of venue to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a). The parties have fully briefed their arguments, and the motion is now ripe for ruling.

**I.  FACTUAL BACKGROUND**

Kustom is a small, "mom and pop" business operated out of the home of its owners and sole employees, Robert Liddle ("Liddle"), and his wife Julie. Liddle Decl. ¶¶ 2-3. Kustom conducts its business through the website www.kustomkoozies.com. Through this website, consumers can purchase custom-made "koozies"—insulated beverage can holders. *Id.* ¶ 4. Liddle asserts that he and his wife chose the word "koozie" based on its common association with their products. *Id.* ¶ 6. Although Kustom was not incorporated until 2004, Liddle and his wife have been operating the

1

website business since 2001. Liddle Dep. at 7-8.

Due to incomplete record keeping by Liddle, it is unclear what percentage of total sales were sold in Indiana since 2001. *See* Liddle Dep. at 54-57. Partial disclosure of existing records reveals that Kustom sold at least 5,335 cup holders to Indiana residents during an unknown part of 2003, all of 2004, and the first four months of 2005. *See* Liddle Dep. Ex. 11. These cup holders were sent to at least twenty-six Indiana cities and towns, specifically, Anderson, Auburn, Bellmore, Brazil, Crown Point, Farmland, Ferdinand, Greenville, Indianapolis, Jasper, Lafayette, Lanesville, La Porte, Lebanon, Long Beach, New Albany, Noblesville, Pendleton, Princeton, Rockport, Rossville, South Bend, Schererville, Twelve Mile, Union City, and Westfield. *See id.*

Norwood is a supplier of promotional products with a place of business in Indianapolis, Indiana. Compl. ¶¶ 1, 10. Norwood asserts that it owns the trademark in "koozie" as that mark is used in the commercial market for insulated beverage containers. *Id.* ¶ 9. In a trademark registration application dated February 3, 2004, Norwood claimed use in commerce of the "koozie" mark dating back to April, 1979, Trademark App. Serial No. 76573657, although Norwood became the principal owner in 1989 after purchasing the mark's originating company. Pl. Br. at 2.

On November 21, 2003, Norwood requested that Kustom cease and desist its use of the term "koozie." Pl. Ex. B at 8. Kustom responded with discussion by counsel, Mr. Mark W. Ishman ("Ishman"). *See* Ishman Decl. ¶¶ 7-9. Between the receipt of the November 21, 2003, letter and February 2, 2005, Ishman and counsel for Norwood engaged in discussions relating to settlement of this matter. *See id.* ¶¶ 7-33. On February 4, 2005, Kustom, by other counsel, filed a request for declaratory judgment in the United States District Court for the Eastern District of North Carolina ("North Carolina Court"), on issues relating to Norwood's trademark rights in "koozie." *See* Troll

2

Decl. Ex. F; Def. Br. at 3. Kustom's new counsel offered to delay service on Norwood for settlement purposes. Troll Decl. Ex. G. In an e-mail dated February 14, 2005, Ishman informed Norwood's counsel that he was unaware of the apparent dual representation of Kustom while he was engaged in negotiations with Norwood. Second Troll Decl. Norwood filed its action in this Court on that same day, and Kustom was served on February 18, 2005. Pl. Br. at 12. The matter before the North Carolina Court is pending a decision on a motion to dismiss brought by Norwood. *Id.* at 13.

## II. STANDARDS

### A. PERSONAL JURISDICTION

When jurisdiction is based on a federal statute that does not authorize nationwide service of process, such as the Lanham Act, a federal court may not exercise personal jurisdiction unless the forum state's courts may do so. *See ISI Int'l., Inc., v. Borden Ladner Gervais LLP*, 256 F.3d 548, 550 (7th Cir. 2001). Indiana's long-arm statute provides, in relevant part:

> Any person or organization that is a nonresident of this state . . . submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or her or his or her agent:
>
> (1) doing any business in this state;
>
> * * *
>
> (3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;
>
> (4) having supplied or contracted to supply services rendered or to be rendered or goods or materials furnished or to be furnished in this state;
>
> * * *

>In addition, a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States.

Indiana Trial Rule 4.4(A).

Federal due process requires a two-part analysis in determining the existence of personal jurisdiction. First, a nonresident defendant must have minimum contacts with the forum in which personal jurisdiction is asserted.[1] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316-17 (1945). Critical to this determination is whether a defendant could have anticipated being haled into courts of the forum state with respect to the matter at issue. *See Burger King*, 471 U.S. at 474; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980); *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 780 (7th Cir. 2003). The defendant's contacts with the forum state must have been purposeful, availing itself of the privilege of conducting those activities within the forum state. *Burger King*, 471 U.S. at 474; *Purdue Research Found.*, 338 F.3d at 780. "In the Internet context . . . courts generally determine whether personal jurisdiction is triggered by examining the level of interactivity and commercial nature of the information found on the website." *The Sports Auth. Mich., Inc. v. Justballs, Inc.*, 97 F. Supp. 2d 806, 812 (E.D. Mich. 2000). *See also Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (holding that personal jurisdiction is proper when a defendant uses the Internet to consummate commercial transactions with residents of the forum state, but not when a defendant simply makes information available via the Internet).

---

[1] The United States Supreme Court has recognized two types of personal jurisdiction: specific and general. General jurisdiction is not asserted by Norwood. Pl. Br. at 14 n.10. Specific jurisdiction relates to whether the defendant's contacts with the forum are connected to the controversy in question. *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 580 (7th Cir. 1994).

Second, once the Court has determined whether sufficient minimum contacts exist, the Court must determine the reasonableness of subjecting the defendant to its jurisdiction. *World-Wide Volkswagen*, 444 U.S. at 292. The exercise of jurisdiction must be compatible with "fair play and substantial justice." *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320). In this respect, the Court, when appropriate,

> may evaluate the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of [the underlying dispute], and the shared interest of the several States in furthering fundamental substantive social policies.

*Purdue Research Found.*, 338 F.3d at 781 (quoting *Burger King*, 471 U.S. at 476). When the defendant's minimum contacts with the forum are relatively weak, these considerations may militate in favor of the exercise of jurisdiction, although they more commonly will result in a transfer of venue. *See id.*

Because there has been no evidentiary hearing on the issue of personal jurisdiction, Norwood need only make a *prima facie* case that Kustom is subject to personal jurisdiction. *Purdue Research Found.*, 338 F.3d at 782. Any conflicts in the evidence must be resolved in Norwood's favor. *Id.*

## B. TRANSFER OF VENUE

Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "On a motion for a change of venue, a district court considers the plaintiff's choice of forum, the convenience of the parties and the witnesses, as well as the interest of justice." *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th

5

Cir. 1996). "The movant . . . has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

### III.  DISCUSSION

#### A.  WHETHER THIS COURT HAS PERSONAL JURISDICTION OVER KUSTOM

Kustom asserts that this Court lacks personal jurisdiction over it because neither Indiana Trial Rule 4.4(A) nor federal due process grant this Court such authority. Def. Br. at 5. However, Kustom concedes, as it must, that it has done some business in Indiana and supplied some goods to Indiana. *See id.* at 9; Liddle Dep. Ex. 11. As such, Indiana Trial Rule 4.4(A)(1) is satisfied.

Kustom next asserts that due process prevents this Court from exercising personal jurisdiction over Kustom. This Court is not persuaded. Norwood need only establish a *prima facie* case of personal jurisdiction over Kustom. *Purdue Research Found.*, 338 F.3d at 782. Kustom's website is interactive and commercial; it is not merely informative. As Liddle himself noted, the website exists for the sole purpose of allowing consumers to purchase custom-made insulated beverage can holders. Liddle Decl. ¶ 4. The home page of the website contains two links from which consumers can be directly routed to an online order form, as well as a third link explaining the online ordering process. Liddle Dep. Ex. 2. On the order form, customers can select expedited delivery at a cost that varies per time zone; this option is expressly limited to the contiguous states. Liddle Dep. Ex. 5 at 2. Also, the website advertises a list of cities to which orders have been shipped, including a partial list of the twenty-six Indiana cities noted above. Liddle Dep. Ex. 9 at 10-29.

As such, this Court finds that Norwood has met its burdens. Kustom foresaw that it would be subject to personal jurisdiction outside of North Carolina and purposefully availed itself of the privilege and benefits of Indiana law by doing business via the Internet in Indiana. *See Burger King*, 471 U.S. at 474; *World-Wide Volkswagen*, 444 U.S. at 292; *Purdue Research Found.*, 338 F.3d at 780. Further, this Court finds that its exercise of jurisdiction over Kustom is compatible with "fair play and substantial justice." *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320). *See The Sports Auth.*, 97 F. Supp. 2d at 812; *Zippo*, 952 F. Supp. at 1124.

For the foregoing reasons, this Court **DENIES** Kustom's Motion to Dismiss for Lack of Personal Jurisdiction.

### B. WHETHER THIS CAUSE SHOULD BE TRANSFERRED

Kustom's only argument in support of transfer of venue is that the interests of justice demand that the first-filed declaratory judgment action controls this matter. Def. Br. at 9-10; Def. Reply at 3-7. This Court disagrees. As the Seventh Circuit has stated:

> In normal instances . . . a certain deference is due to the plaintiff's choice of forum with respect to convenience. In the case of a declaratory judgment action, however, that principle has less force: but for [the declaratory judgment plaintiff's] preemptive filing . . . this would be in all respects [declaratory judgment defendant's] suit, and he would have been entitled to file whenever he wanted, wherever he wanted. He is the "natural plaintiff"—the one who wishes to present a grievance for resolution by a court. We have expressed wariness at the prospect of a suit for declaratory judgment aimed solely at wresting the choice of forum from the "natural plaintiff."

*Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002) (internal citations and quotations omitted).

The Seventh Circuit has never adhered to a rigid "first to file" rule. *Tempo Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 750 (7th Cir.1987). In *Tempo Electric*, the Seventh

7

Circuit affirmed the district court's decision to not hear a declaratory judgment action against a trademark registrant when the registrant later filed an infringement action against the declaratory judgment plaintiff. The Court emphasized that the "purposes of declaratory judgments are to clarify and settle the legal relations at issue and to terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* at 749 (internal citations and quotations omitted). Thus, a declaratory judgment action is proper when "a party desires a declaration of the legal effect of a proposed or past course of action." *Tempo Elec.*, 819 F.2d at 749. However, when the prospect of nondeclaratory judicial resolution of the underlying issues is not remote or uncertain, declaratory judgment may be improper; to wit, where a declaratory judgment action is filed in anticipation of an infringement action, the infringement action should proceed, even if filed later. *See Hyatt*, 302 F.3d at 718; *Tempo Elec.*, 819 F.2d at 749. "The wholesome purpose of declaratory acts would be aborted by its [sic] use as an instrument [sic] of procedural fencing either to secure delay or to choose a forum." *Tempo Elec.*, 819 F.2d at 750 (internal citations and quotations omitted).

While Kustom was the first to file in the North Carolina Court, its declaratory judgment action was brought with the knowledge of an impending infringement action by Norwood and in an attempt either to secure delay of Norwood's actions or to choose the forum of the action. In a letter dated January 12, 2005, sent by Norwood's counsel to Kustom's counsel, Norwood reiterated the possibility of resolution through formal legal proceedings. Troll Decl. Ex. B at 2. In the subsequent February 2, 2005, communication, Kustom represented to Norwood that Kustom was "preparing a cash payoff amount based on a formula." Troll Decl. Ex. E. Kustom's declaratory judgment action was then filed by different counsel on February 4, 2005. The new counsel offered to delay service

of process for settlement purposes.  Troll Decl. Ex. G.  This Court interprets the totality of these facts as contrary to the purposes of declaratory judgment.  *See Hyatt*, 302 F.3d at 718; *Tempo Elec.*, 819 F.2d at 749-50.

For the foregoing reasons, this Court **DENIES** Kustom's motion to transfer venue.

### IV.  <u>CONCLUSION</u>

For the reasons stated herein, this Court **DENIES** Kustom's Motion to Dismiss or Transfer Venue.

IT IS SO ORDERED this 29th day of June, 2005.

*[signature]*
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Meg A. Gallmeyer
BAKER & DANIELS
magallme@bakerd.com

Nancy G. Tinsley
BAKER & DANIELS
ngtinsle@bakerd.com

John R. Troll
BAKER & DANIELS
jrtroll@bakerd.com

Deborah Lynn Pritchard
KILPATRICK STOCKTON LLP
dpritchard@kilpatrickstockton.com

Aaron Robert Warnke
KILPATRICK STOCKTON LLP
awarnke@kilpatrickstockton.com

W. Swain Wood
KILPATRICK STOCKTON LLP
swood@kilpatrickstockton.com